*In re* MARRIAGE OF CHARLES J. COLOMBO, Petitioner-Appellant and ROSALIE COLOMBO, Respondent-Appellee.

Second District   No. 2—89—0625

Opinion filed May 16, 1990.

Samuel Alfassa, of Chicago, for appellant.

Connie R. Gessner, of Lombard, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The petitioner-husband, Charles J. Colombo, appeals from the court's order granting judgment to the respondent-wife, Rosalie Colombo. We reverse and remand.

The parties' marriage was dissolved in 1984. The dissolution included the parties' property settlement agreement which provided that the husband would pay permanent maintenance of $800 per month, based upon his annual income of $23,000. The agreement further provided for "the right to reduction [in maintenance] if the HUSBAND's income decrease warrants such reduction." The husband's occupation was as solo owner and operator of a newspaper distribution business.

In November 1988, the husband entered into a written agreement by which he would retire. Under that agreement, effective January 1989, a third party would pay the husband $800 monthly for the right to operate the husband's business, paying all expenses of the business and retaining all income. In March 1989, the husband became 65 years old, filed for social security, and filed a petition to reduce his maintenance obligation. In the petition, he alleged that there had been a substantial change in circumstances justifying a change in maintenance.

At the hearing on the petition, the husband testified that he had decided to retire after his doctor advised him to stop working at the business. He had been hospitalized with chest pains and had been diagnosed as suffering an anxiety neurosis. The husband further testified that he had tried unsuccessfully to sell his business to the Chicago Sun-Times or the Chicago Tribune; he also was unable to secure more than the agreed $800 monthly payments for rights to the business. According to the husband, his monthly social security benefits of $709 began in April 1989.

At the close of the husband's case, the wife moved for judgment in her favor. The court granted the wife's motion, and the husband brought this appeal.

■ In ruling, in a nonjury case, on a motion for judgment at the close of the plaintiff's evidence, the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1110.) The court must determine whether the petitioner has presented a *prima facie* case and grant the motion only if he has not done so. (*Juzwik v. Juzwik* (1986), 140 Ill. App. 3d 644, 648-49.) On appeal, we will not disturb the court's decision unless it is contrary to the manifest weight of the evidence. 140 Ill. App. 3d at 649.

■ The Illinois Marriage and Dissolution of Marriage Act provides for modification of maintenance obligations, "upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) Whether a spouse may rely on his retirement as a change

in circumstances justifying modification of maintenance depends on the circumstances of the individual case; relevant factors include his age, his health, his motives and timing for the retirement, his ability to pay maintenance after retirement, and the other spouse's ability to provide for himself. *In re Marriage of Smith* (1979), 77 Ill. App. 3d 858, 863.

The husband showed a substantial change in his financial circumstances. At the time he filed his modification petition, his monthly income including his social security benefit was approximately $1,500. Even if that full amount is to be considered to establish the proper level of maintenance, something which the husband disputes, that income level represented a substantial decrease from the $23,000 annual income upon which maintenance was originally determined.

Further, the evidence regarding the circumstances of the husband's retirement did not negate the appropriateness of a modification of maintenance. The husband presented evidence that he had chosen to cease working upon the advice of his physician and following heart pains significant enough to cause his hospitalization. According to the husband's undisputed evidence, his business required work seven days a week, with no vacations and time off only while he was hospitalized. Counterbalancing the wife's suggestion that the husband's physical condition was not so substantial as to require his retirement, the husband demonstrated that his retirement occurred only three months prior to his 65th birthday. Also, there was no suggestion of any malicious motive associated with the husband's retirement.

We find that the court's judgment is contrary to the manifest weight of the evidence. The husband's evidence established a substantial change in his financial circumstances. His evidence also demonstrated a fortuitous health condition supporting his decision to retire. Further, we find that to the extent that the 65-year-old husband's decrease in income was voluntary, it was under circumstances reflecting his "right, *at some point,* to retire or substantially reduce his working hours" (emphasis in original) (*Smith,* 77 Ill. App. 3d at 863). The husband presented a proper *prima facie* case.

Based on the foregoing, the judgment of the circuit court of Du Page county is reversed, and the cause is remanded for proceedings to allow the wife to present her case.

Reversed and remanded.

McLAREN and INGLIS, JJ., concur.